## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN MCCULLERS<br>84 Court Street<br>Bethlehem, PA 18016 | : <br> : <br> : | |
|               Plaintiff | : | CIVIL ACTION NO: 5:15-cv-03732-JFL |
|     v. | : | |
| LEHIGH COUNTY<br>455 Hamilton Street<br>Allentown, PA 18101 | : <br> : <br> : | |
|     & | : | |
| CITY OF ALLENTOWN<br>435 Hamilton Street<br>Allentown, PA 18101 | : <br> : <br> : | **JURY TRIAL DEMANDED** |
|     & | : | |
| HOWARD W. ALTEMOS, JR.<br>17 South 7th Street<br>Allentown, PA 18101 | : <br> : <br> : | |
|     & | : | |
| CARLOS ROBERTO BERNARDI<br>17 South 7th Street<br>Allentown, PA 18101 | : <br> : <br> : | |
|     & | : | |
| FRED J. CONTINO<br>P.O. Box 1167<br>Harrisburg, PA 17108-1167 | : <br> : <br> : | |
|     & | : | |
| JOHN DOES #1-10<br>17 South 7th Street<br>Allentown, PA 18101 | : <br> : <br> : | |
|               Defendants | : | |

## SECOND AMENDED COMPLAINT

### I.  PARTIES

1.      Plaintiff, Kevin McCullers, is an adult African American male and resident of the

Commonwealth of Pennsylvania, currently residing at the above stated address.

2.     Defendant, Lehigh County, is a municipality, government, and/or public entity with a registered office of business at the above stated address. At all times relevant, Pennsylvania constables within the geographical boundaries of Defendant Lehigh County, perform duties on behalf of the County, such as serving complaints, protecting election polls, and serving warrants for unpaid parking and/or traffic tickets.

3.     Defendant, City of Allentown, is a municipality with a principal place of business as stated above. At all times relevant, Pennsylvania constables employed within the geographical boundaries of Defendant Allentown, perform duties on behalf of Defendant Allentown, such as serving complaints, protecting election polls, and serving warrants for unpaid parking and/or traffic tickets.

4.     Defendant, Howard W. Altemos, Jr. ("Altemos"), is an adult Caucasian individual, with a business address at the above address and at all times relevant, was elected and/or appointed to perform duties as a Pennsylvania State Constable for Allentown, Lehigh County.

5.     Defendant, Carlos Roberto Bernardi, ("Bernardi") is an adult Caucasian individual, with a business address at the above address and at all times relevant, elected and/or appointed to perform duties as a Pennsylvania State Constable for the City of Allentown 8th Ward First District. Defendant Bernardi was appointed to constable on December 11, 2007 by the Honorable Robert L. Steinberg of the Lehigh County Court of Common Pleas, due to a vacancy. Defendant Bernardi was then elected in November of 2009 to a six-year term as constable, unopposed, with 13% of the vote.

6.    Defendant, Fred J. Contino, Jr. is an adult individual, and upon information and belief, is/was the Chair of the Constables Education and Training Board, and thus was a policy maker for Constable education and training, with a business address at the above address, and in his individual capacity was deliberately indifferent to the consequences of policy, practice or custom and/or participated or directed the actions of Defendants Altemos and Bernardi, resulting in the constitutional violations.

7.    Defendant, John Does (1 through 10), is/are adult individuals, with a business address at the above address, and at all times relevant, supervised, trained and/or were otherwise responsible for properly training and/or supervising and/or monitoring Defendants, Altemos and Bernardi.

8.    At all relevant times to this matter, Defendants, Altemos, Bernardi and/or John Does (#1 through 10), were acting under color of law in their official capacity and were directed by, funded by, and were acting on behalf of Defendant, Lehigh County, Defendant, Contino, and/or Defendant, City of Allentown.

9.    At all times relevant, Defendant, Lehigh County, Defendant, City of Allentown, Defendant, Contino and Defendants, John Does #1-10 agreed, accepted, directed, acquiesced, and/or were otherwise bound by and/or showed reckless indifference to the actions, omissions, and conduct of their respective owners, officers, executives, managers, supervisors, employees, and agents including Defendants Altemos and Bernardi.

## II.     JURISDICTION

10.     Jurisdiction and venue are appropriate before the United States District Court for the Eastern District of Pennsylvania as all Defendants reside in the Eastern District of Pennsylvania, and all actions and occurrences giving rise to this litigation occurred in the Eastern District.     Subject matter jurisdiction is maintained under federal question jurisdiction, 28 U.S.C.A. 1331, and this Court maintains ancillary jurisdiction over the state law claims. 28 U.S.C.A. 1367.

## III.     INTRODUCTION

11.     In recent time across the United States, there have been a number of troubling occurrences involving law enforcement shooting and/or killing unarmed civilians in particular African Americans.

12.     The shooting of Plaintiff, Kevin McCullers, on July 17, 2014 at the hands of Pennsylvania State constables is one of the most troubling incidents to date.

13.     This lawsuit is brought to hold accountable state, local, and individual actors for the harms and losses suffered by Plaintiff, Kevin McCullers, and to bring necessary reform to the Constable system in Pennsylvania and to highlight the need for greater accountability.

14.     This lawsuit is brought in furtherance of protecting the Constitutional rights of all citizens in this country in particular the rights of African Americans to be free from illegal, unreasonable excessive use of force.

## IV.    OPERATIVE FACTS

### A.  Pennsylvania Constables

15.    Pennsylvania constables "shall perform all duties authorized or imposed on them by [Pennsylvania] statute." 44 Pa.C.S.A. 7151.

16.    Pennsylvania constables are empowered to serve warrants for parking tickets and make arrests.  44 Pa.C.S.A. 7153 & 7158.

17.    Pennsylvania constables are permitted to carry firearms and of the 2,143 active constables in Pennsylvania, more than half are certified to carry firearms.

18.    Pennsylvania constables are not required to wear standard-issue uniforms but are required to carry identification, and are recommended to wear clothing that identifies them as constables, while performing duties.

19.    The Constables' Education and Training Board, with the approval of the Pennsylvania Commission on Crime and Delinquency, trains constables and establishes policies and standards for the certification or qualification of constables, to carry and use firearms in the performance of any duties.  44 Pa.C.S.A. 7148.

20.    In the 1990s, the Commonwealth of Pennsylvania's legislature passed a law that placed constables under the review of the Judicial Branch, as most constable duties are in furtherance of the judiciary, however, the law was struck down as unconstitutional under the separation of powers doctrine, as constables are part of the Executive Branch.

21.    Pennsylvania constables are Defendants employees for various reasons, including but not limited to, the fact that the Defendants train them, control the manner of their work, provide their tools, direct them on when, how, and where to complete assignments, provide their certification, pay them, employ them in a work or occupation for which the constable could not

work otherwise and thus he or she has limited skill of his or her own, Defendants work is the same or similar as that of the constable, and the Defendants have the right to supervise, appoint, and terminate them at any time.

22. Defendant, Lehigh County, by and through the Lehigh County Court of Common Pleas President Judge, is empowered to create a Constable Review Board, or an advisory board for constables in the geographic area, wherein complaints can be lodged and recommendations for removal made by the public.

23. On information and belief, no advisory board was established in Lehigh County.

24. A Joint State Government Commission of the Commonwealth of Pennsylvania conducted a study of the constable system and in April of 2014 proposed reforms including: increased training, the wearing of uniforms, increased accountability, and an expanded "judicial authority" to remove constables for malfeasance and prohibited conflicts.

25. According to the Proposed Reforms and opinion of some legal experts "some of the actions constables currently perform do not fall into the categories appropriate for elected officials."

26. At all times, Defendants knew or reasonably should have known that lack of hiring policies and procedures, non-enforcement of rules, lack of training, insufficient training, and insufficient supervision, were resulting in excessive use of force by constables, including homicide and/or attempted homicide, assault, weapons violations, and impersonating police officers.

27. On information and belief, prior to the subject incident, there were multiple incidents, including in Lehigh County, involving Pennsylvania constables violating constitutional rights, including but not limited to, use of excessive force and shootings, prompting complaint from citizens of the heavy-handed and sometimes criminal tactics of the constables.

28. Defendants, Altemos, Bernardi and/or John Does (1-10) was/were/are employed as Pennsylvania State Constable(s), with six (6) year terms, and are authorized by statute to serve process, serve warrants, and carry firearms without the need for an independent firearm license.

29. Defendants, Altemos, Bernardi and/or John Does (1-10), perform constable duties on behalf of Defendant, Lehigh County, and/or on behalf of Defendant, City of Allentown.

30. Defendants, Altemos, Bernardi and/or John Does (1-10), was/were to be, appointed, trained, certified, supervised, and removed by Defendants.

31. Defendants, Altemos, Bernardi and/or John Does (1-10), was/were supervised and reviewed, or should have been supervised and reviewed by Defendant, Lehigh County, Defendant, City of Allentown, and/or Defendant, Contino.

32. At all material times, the training provided by Defendants, to constables and in particular to Defendants, Defendants, Altemos, Bernardi and/or John Does (1-10), was/were severely inadequate, deficient, and recklessly indifferent regarding: announcing the constables presence, making arrest, serving warrants, discharging weapons, use of deadly force, and similar training on procedures knowingly and foreseeably resulting in the following incident.

33. At all material times and prior to the shooting of Plaintiff, Kevin McCullers, Defendants, Altemos, Bernardi and/or John Does (1-10), were not fit to serve as constables or carry and discharge firearms.

34.     At all relevant times before the shooting of Plaintiff, Kevin McCullers, it was known or should have been known to Defendants that Defendants, Altemos, Bernardi and/or John Does (1-10), had/have violent propensities and/or that persons in the public complained about legal and professional infractions made in the course of Defendants constabulary duties.

35.     Upon information and belief, Defendant Altemos has a history of violence, and also has had Protection from Abuse (PFA) orders entered against him, in Lehigh County, dating as far back as 1998.

36.     Upon information and belief, in 2013, Defendant Altemos's wife filed a PFA against Defendant Altemos for having pointed two handguns at her while the two were in an argument at their residence.

37.     Upon information and belief, Defendant Bernardi has a history of violence, and has also had criminal charges made against him for incidents dating back to 2003.

38.     In 2003, upon information and belief, Defendant Bernardi, is alleged, to have bruised, scratched, and given a swollen lip to his former wife at his residence in Allentown, Pennsylvania, resulting in the charges of simple assault and two counts of indecent assault.

39.     On information and belief, Defendants, Altemos, Bernardi and/or John Does (1-10), has/have/had other legal, criminal, and/or professional infractions for which Defendants knew or reasonably should have known, and for which Defendants showed reckless indifference thereto.

40.     Despite Defendants, Altemos, Bernardi and/or John Does (1-10), various legal, criminal, and professional incidents, Defendants have not reviewed, limited, removed, and/or deemed them incompetent.

41.     Upon information and belief, prior to the subject incident, Defendants, Altemos, Bernardi and/or John Does (1-10) were involved in incidents in which they had used excessive force and/or committed constitutional violations while performing constabulary duties.

42.     Upon information and belief, prior to the subject incident, Defendants, Altemos, Bernardi and/or John Does (1-10), had taken action and/or espoused beliefs underlying a racial bigotry or intolerance toward African Americans.

**B.  The Incident of July 17, 2014**

43.     On July 17, 2014 at around approximately 7:30 a.m., Defendants, Altemos, Bernardi and/or John Does (1-10), traveled to Plaintiff, Kevin McCullers's, residence at 3449 Portland Drive, Whitehall, PA to serve a warrant for unpaid parking/traffic tickets, on behalf of and also funded by and directed by Defendants, and under the authority of Pennsylvania statute, regulation, custom, and/or usage.

44.     Defendants, Altemos, Bernardi and/or John Does (1-10), were plain clothed, armed with guns, and not readily identified as law enforcement and/or constables.

45.     It has become custom for Pennsylvania Constables to serve warrants, armed and plain clothed, with the authority to make arrests and use deadly force.

46.     At all material times, Defendants did not identify themselves as constables or other government entity on official business.

47.     Defendants, Altemos and Bernardi and/or John Does' (1-10), actions that day were under the personal direction of Defendant Lehigh County's Commissioners and/or Judiciary, Defendant, City of Allentown, and/or Defendant, Contino, and/or alternatively, these persons had actual knowledge and acquiescence in the activity.

48.     At the time of the incident, Plaintiff was exiting his residence, in his motor vehicle, driving out from his one car garage, to a nearby Dunkin Donuts establishment.

49.     Defendants, Altemos, Bernardi and/or John Does (1-10), never knocked on Plaintiff's door, but were believed, at all times, to have been on Plaintiff's property.

50.     On information and belief, Defendants, Altemos, Bernardi and/or John Does (1-10), hid or took other action to avoid being observed by Plaintiff.

51.     Plaintiff, Kevin McCullers was unarmed.

52.     As Plaintiff exited his garage and while he was still on his driveway, Defendants, Altemos, Bernardi and/or John Does (1-10), open fire on Plaintiff.

53.     On information and belief, Defendant Altemos and/or John Does (1-10) shot Plaintiff.

54.     On information and belief, Defendant Bernardi and/or John Does (1-10) shot Plaintiff's tire.

55.     On information and belief, Defendants fired with intent to kill.

56.     Plaintiff did not provoke the shooting in any manner.

57.     Defendants, Altemos, Bernardi and/or John Does (1-10), were never met or threatened with deadly force and reasonably could not claim to have felt threatened with such force.

58.     Pursuant to Federal and State statutes and laws in affect at the time of the shooting, deadly force may only be employed where the constable or law enforcement officer is met with deadly force.

59.     Defendant Altemos was criminally charged by the Lehigh County District Attorney's Office with Felony Aggravated Assault, and Misdemeanor Recklessly Endangering Another Person, as a result of the incident.

60.     On August 24, 2017 Defendant Altemos pleaded *nolo contendre* to the Misdemeanor and was sentenced of two years of probation, while the Felony was withdrawn.

61.     It is alleged and therefore believed, Defendants, Altemos, Bernardi and/or John Does (1-10), harbored animosity, ill will, and discrimination towards Plaintiff due to him being an African American, and conspired to deprive him of his Constitutional Rights and to cause him serious bodily harm due to his race.

62.     On information and belief, Defendants, Altemos, Bernardi and/or John Does (1-10), did not act to deprive similarly situated non-African Americans of constitutional rights, as they had to Plaintiff.

63.     Defendants, Altemos, Bernardi and/or John Does (1-10), were acting under direction of Defendants and in furtherance of an accepted custom and/or practice.

64.     Defendants, Altemos, Bernardi and/or John Does (1-10), acted pursuant to formal enforcement policy and/or standard operating procedure, which were accepted by Defendants.

65.     Upon information and belief, Defendants, Altemos, Bernardi and/or John Does (1-10), previously visited Plaintiff's residence, before the shooting, and were aggressive, belligerent, and rude to Plaintiff's girlfriend (African American female), resulting in her having to contact the White Hall Township police department, who came out to the property and ended the encounter.

66. It is alleged and believed the unprofessional treatment of Plaintiff's girlfriend was the result of race discrimination and Defendants had treated similarly situated individuals that were not African American better.

67. On information and belief, Defendants were aware of the prior visit(s).

68. On information and belief, the bullet struck Plaintiff from the left side and traveled to his neck and/or cervical spine, causing paralysis and paralyzing Plaintiff. Plaintiff also suffered a left scapular fracture. Plaintiff has undergone posterior cervical thoracic fusion, and other surgeries and procedures. Plaintiff has an inferior vena cava filter (IVC) to assist with blood clots and Deep Vein Thrombosis.

69. To this date, Plaintiff is wheelchair bound.

70. As a result of the incident, Plaintiff has severe, permanent, disabling and life altering injuries.

71. As a direct and proximate result of Defendants actions herein, Plaintiff has suffered great physical pain and mental anguish including, paralysis, loss of use of limbs, bone fractures, disfigurement, loss of bodily function, structural and neurologic damage and harms, nerve damage, deep vein thrombosis and blood clots, the fear of blood clotting, muscle spasms, the need for surgeries, the need for treatment and assistive devices, the need for assistive machinery, mental stress, aide, fear, anxiety, shortening of livelihood, depression, humiliation, embarrassment, and mental anguish.

72. As a direct and proximate result of Defendants actions herein, Plaintiff has incurred medical bills, hospital bills, surgery bills, medication costs, cost of assistive devices, cost of assistive machinery, cost of assistive living requirements, cost of assistive personnel including nurses and aides, future medical bills and costs for all the foregoing, loss of wages,

loss of back pay, loss of front pay, loss of earning capacity, out-of-pocket expense, debt, liens, and other reasonably incurred costs and expenses.

73.    As a direct and proximate result of Defendants actions herein, Plaintiff has suffered, is suffering, and will suffer for an indefinite time into the future, significant pain and suffering, loss of mobility, loss of functioning, paralysis, embarrassment, humiliation, loss of enjoyment of life, loss of function, loss of ability to perform every day activities, inability to care for himself or others, is disabled, is limited, is prevented from engaging in sporting, recreations, household, and other activities and chores, is limited in raising his children, is limited in being intimate and has erectile dysfunction, and has other significant effects and harms to his livelihood that can never be recovered.

74.    As a direct and proximate result of Defendants actions herein, Plaintiff has incurred substantial medical bills and will require substantial care over his lifetime including but not limited to therapy, medical devices, medications, doctor visits, assistive care, and various care and treatment.

### COUNT ONE - FEDERAL CIVIL RIGHTS VIOLATIONS, 42 U.S.C.A. §1983
#### *Excessive Force, Unconstitutional Taking, Race Discrimination*
#### PLAINTIFF v. DEFENDANTS, LEHIGH COUNTY, CITY OF ALLENTOWN, FRED J. CONTINO, JR., ALTEMOS, BERNARDI AND/OR JOHN DOES #1-10

75.    Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

76.    As a direct and proximate result of Defendants, Lehigh County, City of Allentown, Altemos, Bernardi, Contino, and/or John Does (1-10) conduct alleged herein, Plaintiff was deprived of his right to be free from the needless and unreasonable use of excessive force; and, to be secure in his person and property. As a result of the foregoing Defendants actions, Plaintiff suffered and continues to suffer harm, losses, damages, and injury, set forth

above, and further in violation of his Federal Constitutionally protected rights, and in particular the Fourth and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. § 1983.

77.     At all times, the foregoing actions of Defendants, Altemos, Bernardi and/or John Does (1-10), on July 17, 2014, were acting in their individual and/or official capacity and under the personal direction of Defendant, Lehigh County's Commissioners and/or Judiciary, and/or Defendant, City of Allentown, Defendant, Contino, and/or alternatively, these Defendants and individuals had actual knowledge and acquiescence in the activity.

78.     At all times relevant, Defendants knew and were aware of Defendants, Altemos, Bernardi and/or John Does' (1-10), past history of violence, inability to professionally carry out their constabulary duties without the foregoing incident, discrimination and disparate treatment of African Americans, and the specific events before and leading to Defendants, Altemos, Bernardi and/or John Does (1-10), shooting of Plaintiff.

79.     Upon information and belief, the actions and constitutional deprivations of July 17, 2014 were the direct and proximate result of the foregoing Defendants having encouraged, tolerated, ratified and having been deliberately indifferent to the following patterns, practices and customs, for which the foregoing incident was knowingly foreseeable:

    a.  Permitting constables to carry handguns in the line of duty and use deadly force;

    b.  Permitting constables to make arrests;

    c.  Inadequate and under training and supervision with regard to escalation, use of firearms, and conduct relevant and related to the July 17, 2014 incident;

    d.  The use of unreasonable and excessive force in serving warrants or making arrests;

e.  Discharging firearms when not in harm's way or for the protection of others;

f.  The monitoring of constables, including Defendants, Altemos, Bernardi, and/or John Does (1-10) whom Defendants knew or should have known had a penchant for violence, intolerance and discrimination of African Americans, suffered from emotional and/or psychological problems, and/or otherwise were impaired in his/their ability to function as constables and thus the foregoing incident was obvious and foreseeable;

g.  The failure to identify and take remedial or disciplinary action against constables who were the subject of prior internal complaints or misconduct, and exhibited race based discrimination, including Defendants, Altemos, Bernardi and/or John Does (1-10), for which the foregoing incident was foreseeable and obvious;

h.  The failure to remedy and review a situation in which Defendants, Altemos, Bernardi and/or John Does (1-10), had made a prior unprofessional visit to a citizens residence requiring police intervention—which Defendants were aware;

i.  The inadequate hiring, retention, and lack of screening of constables, including Defendants, for which Defendants showed deliberate indifference to the foreseeable and obvious consequence of these actions;

j.  Using different personnel when Defendants knew or reasonably should have known the foregoing incident would occur;

k. The failure to establish or remedy insufficient policies, procedures, directives, training, and/or instruction, including but not limited to, announcing presence, arrests, serving warrants, use of force, group dynamics, use of firearms, escalation, dealing with family members, dealing with evading citizens, cultural acceptance, and discharging firearms in public when the foregoing incident was a reasonably foreseeable and obvious consequence of these policies, procedures, directives, training, and/or instruction; and,

l. Failing to take other action, evincing a deliberate indifference to the safety of Plaintiff, when the foregoing incident was reasonably foreseeable.

80. Moreover, and more specifically, Defendants, Altemos, Bernardi and/or John Does (1-10), violated Plaintiff's constitutional rights by entering his property and without proper warning, firing upon him without reasonable justification.

81. Defendants Altemos, Bernardi and/or John Does' (1-10) actions were motivated by discrimination, which Defendants exhibited during a prior visit to Plaintiff's residence.

82. All of the foregoing conduct, policies, customs, and directives attributed to Defendants reasonably, foreseeably, knowingly, and proximately causing the offenses to Plaintiff and his injuries and harms as set forth herein, and Defendants were deliberately indifferent.

83. At all times relevant, Defendants knew and were aware of the foregoing insufficient and inadequate policies, procedures and customs and were deliberately indifferent to the foreseeable deprivation of constitutional rights of Plaintiff.

84. At all times relevant, Defendants knew and were aware of Defendants, Altemos, Bernardi and/or John Does (1-10), prior legal, criminal, and professional infractions and incidents including the protection from abuse and assault charges and were aware that Defendants, Altemos, Bernardi and/or John Does (1-10) presented a danger to the public.

85. Defendants failed to properly sanction or discipline constables, who were aware of, conceal, and/or aid violations of Constitutional rights of citizens by other Defendants employees, thereby causing and encouraging Defendants constable including Defendants, Altemos, Bernardi and/or John Does (1-10), in this case, to violate the rights of citizens such as Plaintiff.

86. Defendants were all directly involved in the decisions leading to Defendants, Altemos, Bernardi and/or John Does (1-10), actions on July 17, 2014 including the shooting of Plaintiff.

87. Defendants failed to set-up an appropriate Constable Review Board, wherein complaints regarding Defendants, Altemos, Bernardi and/or John Does' (1-10) actions would be received and recorded, and thus were deliberately indifferent to the obvious and foreseeable harms of Plaintiff's constitutional violations.

88. Defendants failed to give proper notice to the public of where to make complaints and grievances regarding Defendants, Altemos, Bernardi and/or John Does (1-10), and thus were deliberately indifferent to foreseeable harms of Plaintiff's constitutional violations.

89. Defendants failed to record or have appropriate procedures in place to record and respond to complaints and grievances about Defendants, Altemos, Bernardi and/or John Does (1-10), prior to the incident, and thus were deliberately indifferent to the foreseeable harm.

90.     Defendants failed to recommend removal of Defendants, Altemos, Bernardi and/or John Does (1-10), or discipline him/them for prior incidents, and thus were deliberately indifferent to foreseeable harm.

91.     Defendants failed to take appropriate action and to recommend that Defendants, Altemos, Bernardi and/or John Does (1-10), be relieved or limited in constabulary duties when Defendants knew or reasonably should have known he/they was/were not fit for all or full constabulary duties, and thus were deliberately indifferent to foreseeable harm.

92.     Defendants have failed to devise an appropriate means to supervise and regulate constables, who are empowered with the authority to serve process, keep the peace, make arrest, and carry firearms in the name and official capacity of Defendants, and thus were deliberately indifferent to foreseeable harm.

93.     Defendants have failed to provide, and set forth appropriate guidelines and rules from which an individual's fitness for duty as constable can be determined or ruled, for whether he or she should continue to carry a firearm, and thus were deliberately indifferent to foreseeable harm.

94.     Defendants violated Plaintiff's Constitutional Rights to be free from unwarranted search and seizures, arrests, excessive force, and similar Constitutional Rights by permitting improperly trained, and unsupervised constables to enter property, make arrests, serve warrants, and carry and discharge firearms in the course of duties, and thus were deliberately indifferent to foreseeable harm.

95.     In addition to permitting Pennsylvania Constables to violate Constitutional Rights of citizens and residents with insufficient screening, training, supervision, and oversight, Defendants have failed to provide appropriate eligibility parameters for constables and/or a reasonable manner for their hire, election, and/or appointment to avoid against misconduct, and thus were deliberately indifferent to foreseeable harm.

96.     Defendants permitted Defendants, Altemos, Bernardi and/or John Does (1-10), to carry a firearm(s) as constable when he/they could not as citizen(s), under the circumstances.

97.     Defendants failed to take appropriate action to prevent the foreseeable incident.

98.     Defendants have, by the above-described actions, deprived Plaintiff of rights secured by the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

99.     Defendants' actions were, at all times, willful, wanton, and with reckless or callous indifference to Plaintiff's federally protected rights or were motivated by evil motive or intent, and therefore justify the imposition of punitive damages.

WHEREFORE, Plaintiff, Kevin McCullers, requests the following relief from Defendants, Lehigh County, City of Allentown, Fred J. Contino, Jr., Howard Altemos, Carlos Roberto Bernardi and/or John Does (1-10) individually or jointly, for:

   a.     Compensatory damages;

   b.     Punitive damages;

   c.     Reasonable attorney's fees and costs;

   d.     Such other and further relief as appears reasonable and just; and

   e.     A jury trial as to each Defendant and as to each count.

## COUNT TWO - SUPPLEMENTAL STATE TORT COUNTS
### *Assault and Battery*
## PLAINTIFF v. DEFENANT ALTEMOS, BERNARDI AND/OR JOHN DOES #1-10

100.    Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

101.    On July 17, 2014 Defendants, Altemos, Bernardi and/or John Does (1-10), intentionally raised a firearm/firearms at Plaintiff, while on Plaintiff's property, putting Plaintiff in reasonable fear and apprehension of an imminent and harmful touching that caused Plaintiff resulting injuries and harms including fear, anxiety, stress, depression, mental anguish and other emotional pain and suffering.

102.    On July 17, 2014 Defendants, Altemos, Bernardi and/or John Does (1-10), intentionally shot Plaintiff, which was an intentional offensive and harmful touching, which has caused Plaintiff great physical pain and mental anguish including, paralysis, loss of use of limbs, bone fractures, disfigurement, loss of bodily function, structural and neurologic damage and harms, deep vein thrombosis and blood clots, the fear of blood clotting, muscle spasms, the need for surgeries, the need for treatment and assistive devices, the need for assistive machinery, mental stress, aide, fear, anxiety, depression, and mental anguish.

103.    As a direct and proximate result of Defendants, Altemos, Bernardi and/or John Does' (1-10) conduct, Plaintiff has incurred medical bills, hospital bills, surgery bills, medication costs, cost of assistive devices, cost of assistive machinery, cost of assistive living requirements, cost of assistive personnel including nurses and aides, loss of wages, loss of back pay, loss of front pay, loss of earning capacity, out-of-pocket expense, debt, liens, and other reasonably incurred costs and expenses.

104. The shooting of Plaintiff, Kevin McCullers, was the direct result of severely inadequate and recklessly indifferent training, direction, and supervision of Defendants, Altemos, Bernardi and/or John Does (1-10), who were never properly supervised, disciplined, directed, or trained on proper use of deadly force, circumstances warranting using fire arms, and proper use of fire arms.

105. As a direct and proximate result of Defendants, Altemos, Bernardi and/or John Does' (1-10), conduct, Plaintiff has loss of mobility, loss of enjoyment of life, loss of function, loss of ability to perform every day chores, is disabled, is limited, is prevented from engaging in sporting, recreations, household, and other activities and chores, is limited in raising his children, and has other significant effects and harms to his livelihood that can never be recovered.

106. All of Plaintiff's injuries are significant, severe, and permanent.

107. Defendants, Altemos, Bernardi and/or John Does (1-10), was/were, at all times, willful, wanton, and with reckless and/or without callous indifference to Plaintiff's health and safety and motivated by evil intent, and therefore justify the imposition of punitive damages.

WHEREFORE, Plaintiff, Kevin McCullers, requests the following relief from Defendants Howard Altemos, Carlos Roberto Bernardi and/or John Does #1-10 individually or jointly:

      a.    Compensatory damages;

      b.    Punitive damages;

      c.    Costs of suit;

      d.    Such other and further relief as appears reasonable and just; and

      e.    A jury trial as to each Defendant and as to each count.

FINE AND STAUD, LLC

RESPECTFULLY SUBMITTED,

By: _____

FEEDA R. MUSITIEF, ESQUIRE
Attorney Identification No. 202768
Attorney for Plaintiff
FINE AND STAUD, LLC
1333 Race Street
Philadelphia, PA 19107
(215) 665-0100
fmusitief@fineandstaud.com

Date: ____ 12-1-17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KEVIN MCCULLERS | : | |
| Plaintiff | : | CIVIL ACTION NO: 5:15-cv-03732-JFL |
| v. | : | |
|  | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, ET AL. | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of Plaintiff's Second Amended Complaint was served on the date shown below to all interested parties Via U.S. Mail as follows:

Anthony W. Winkle, Esquire
Amy G. Wirth, Esquire
450 Sentry Parkway Suite 200
Blue Bell, Pa. 19422

Kim R. Piouffe, Esquire
GERMAN, GALLAGHER & MURTAGH, P.C.
The Bellevue Suite 500
200 South Broad Street
Philadelphia, Pa. 19102

David J. MacMain, Esquire
THE MACMAIN LAW GROUP, LLC
101 Lindenwood Drive, Suite 160
Malvern, Pa 19355

Rufus A. Jennings, Esquire
Deasey, Mahoney & Valentini, Ltd.
1601 Market Street, Suite 3400
Philadelphia, Pa. 19103

Sue Ann Unger
21 S. 12th Street, 3rd Floor
Philadelphia, Pa. 19107

RESPECTFULLY SUBMITTED,
FINE & STAUD LLC

BY: _____

FEEDA R. MUSITIEF, ESQUIRE

DATED: 12-1-17